UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
UNITED STATES OF AMERICA,　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　:
　　　　-against-　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　:　　SHORT FORM
JOHN SERVIDER,　　　　　　　　　　　　　:　　MEMORANDUM & ORDER
　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　Defendant.　　:　　15-cr-174 (ENV)
------------------------------------------------------------- x

VITALIANO, D.J.

Jury selection in this case is scheduled to start on May 14, 2018. The government has filed a motion *in limine*. Dkt. No. 112. Having considered the submissions of the parties, Dkt. Nos. 119, 121, 122, 144, 145, & 150, and argument having been heard on March 23, 2018, *see* Minute Entry for Oral Argument on March 23, 2018, the motion *in limine* is resolved in the manner and for the reasons as set forth below.

| Motion | Ruling |
|---|---|
| (A) Pursuant to Federal Rules of Evidence 401-403, or in the alternative, 404(b),[1] the government seeks to admit evidence of alleged co-conspirator Vertuccio's involvement in schemes relating to Crimson, including: (a) union representation | (A) Generally, evidence of Vertuccio's purported involvement in union double breasting; payroll fraud; the creation of sham companies; the creation of fictitious invoices; and a World Trade Center fraud scheme is necessary to complete the story of how Vertuccio came to obstruct justice and launched the obstruction of justice conspiracy also charged against Servider. Such evidence is probative, not unfairly prejudicial and, |

---

[1] Unless otherwise indicated, all rule references will be to the Federal Rules of Evidence and further citation will be omitted.

1

| | |
|---|---|
| double breasting; (b) payroll fraud; (c) the creation of sham companies; (d) creation of fictitious invoices and payments; and (e) the One World Trade Center building and a related construction fraud scheme. | ordinarily, of the kind admissible under Rules 401-403. It is, in short, direct evidence. *United States v. Carboni*, 204 F.3d 39, 44 (2d Cir. 2000). However, given Servider's, essentially, outsider status with respect to Vertuccio's insider orchestration of any Crimson-based conspiracy, any such evidence should be limited, focused, and non-cumulative. This is especially so in light of the government's motion at 1(E), *infra* page 4, meaning that a more precise proffer from the government will be required. |
| (B) Pursuant to Rules 401-403, or in the alternative, 404(b), the government seeks to admit evidence of Vertuccio's prior and uncharged tax crimes. | (B) The government has withdrawn its motion with respect to evidence about Vertuccio's prior fraud conviction, and so that is denied as academic. Dkt. No. 121 at 6-7.<br><br>Additionally, the government appears to have dropped the issue of Vertuccio's uncharged tax crimes, and certainly has given no indication that it intends to press them. As such, the motion is denied as moot. |
| (C) Pursuant to Rules 401-403, or in the alternative, 404(b), the government seeks to admit evidence of Servider's awareness | (C) Given Vertuccio's absence from this trial, as Servider's client, Vertuccio's links to organized crime are of limited probative value, though highly prejudicial. The motion is denied on Rule 403 grounds. |

| | |
|---|---|
| of Vertuccio's organized crime ties. | Servider is cautioned, however, that certain arguments or evidence might open the door to the evidence that the government seeks to admit on this motion. For instance, if Servider argues (a) that Vertuccio had no such ties, (b) that the government's witnesses had no reason to fear Vertuccio, and/or (c) that Vertuccio lacked the ability to force the government's witnesses to cede control of Crimson to Vertuccio, the government may offer limited evidence of Vertuccio's ties to organized crime and Servider's knowledge of these ties. The door to such evidence would not swing open, however, by Servider merely disputing whether Vertuccio, in fact, exercised control of Crimson's finances-- because any such ties to organized crime have no relevance to whether Vertuccio actually exercised such control over Crimson. |
| (D) Pursuant to Rules 401-403, or in the alternative, 404(b), the government seeks to admit evidence that "as part of [his] obstruction of justice," Servider tried to dissuade CW#1 from cooperating with the government by (a) calling him repeatedly, (b) | (D) Servider's own conduct is directly admissible against him under Rules 401-403. It is direct evidence of the charged crimes, and arises "out of the same transaction or series of transactions as the charged offense" and is "inextricably intertwined with the evidence regarding the charged offense." *United States v. Hsu*, 669 F.3d 112, 118-19 (2d Cir. 2012); *United States v. Kaiser*, 609 F.3d 556, 570-71 (2d Cir. 2010). With respect to the evidence |

3

| | |
|---|---|
| showing up at his home, (c) asking him to dispose of evidence, including the jewelry from the store at issue in the obstruction counts, (d) telling him that there were "mob lawyers" that could get him into a meeting with the government in order to see the evidence they had against Vertuccio, and (e) telling him not to say anything if he got arrested. | that is the subject of subpoint (d), neither the government's evidence nor its argument will refer to the "mob" pedigree of any lawyer offered by Servider as to CW # 1. |
| (E) Pursuant to Rules 401-403, or in the alternative, 404(b), the government seeks to admit evidence of Servider's uncharged acts, including: (a) union double breasting; (b) payroll fraud; (c) the creation of sham companies; (d) creation of fictitious invoices and payments; and (e) the One World Trade Center building and a related construction fraud scheme, including his use of an escrow | (E) Generally, evidence of Servider's own purported involvement in union double breasting; payroll fraud; the creation of sham companies; the creation of fictitious invoices; and a World Trade Center fraud scheme is necessary to complete the story of how Servider came to obstruct justice and join the obstruction of justice conspiracy. Such evidence is probative, not unfairly prejudicial and, of the kind admissible under Rule 403. It is, in short, direct evidence. *United States v. Carboni*, 204 F.3d 39, 44 (2d Cir. 2000). |

4

| | |
|---|---|
| account in connection with that fraud. | |
| (F) Pursuant to Rules 401-403, or in the alternative, 404(b), the government seeks to admit evidence of: (1) government witness intimidation by Vertuccio; (2) Vertuccio's ability to force the government's witnesses "to cede control of Crimson to Vertuccio"; and (3) Vertuccio's exercise of control over Crimson or Crimson's finances, if, and only if, the defendant claims during opening statements, during cross-examination, or during his case, that none of these things were true. | (F) To the extent that the government still seeks to introduce this evidence of Vertuccio's prior bad acts, which are unrelated or only tangential to Servider's conduct, the motion is denied. The prejudicial effect of such evidence clearly outweighs any probative value it might have.<br><br>Any argument or proffer by Servider as to "good guy" evidence as to Vertuccio, however, may very likely open the door to such evidence. See Motion 1(C) above. |
| (G) Pursuant to Rules 401-403, or in the alternative, 404(b), the government seeks to admit evidence of bad acts by Cooperating Witness # 1 as to (1) | (G) The motion is denied as academic. The government's motion was contingent on Servider's inquiry as to these matters on cross. Since, Servider has represented in his response that any such inquiry would be irrelevant, misleading, confusing, and prejudicial, the |

| | |
|---|---|
| conversations that Vertuccio and Salvatore "Sal the Ironworker" Montagna had about bid-rigging; (2) a 2010 conspiracy to import 100 pounds of marijuana from Canada with Vertuccio; and (3) involvement with Vertuccio in to extort credit. | Court presumes the defense does not intend to make such inquiry. But, should defense counsel desire to make any inquiry of this kind on cross, Servider will advise the Court in advance and the government will be permitted to make such inquiry on direct examination. |
| (H) Pursuant to Rules 401-403, or in the alternative, 404(b), the government seeks to admit evidence of Servider's assistance to Vertuccio in concealing that materials from Company No. 3 were sent to Vertuccio at his home. | (H) The evidence relating to Company No. 3 was proffered as direct evidence of Vertuccio's evasion of income tax reporting, and control over Crimson – direct evidence of the charged crimes. See Dkt. Nos. 112 at 23; 145 at 5. As such, Servider's own acts in assisting the underlying conspiracy are direct evidence and admissible under Rules 401-403. |
| (I) Pursuant to Rules 401-403, or in the alternative, 404(b), the government seeks to admit evidence of Servider's prior conduct relating to a civil law suit involving the union | (I) (1) The evidence is admissible under Rule 404(b). Evidence about obstruction in a 2008 civil lawsuit is not direct evidence of the charges of obstruction in the 2013 criminal investigation that led to the current criminal charges against Servider. |

| | |
|---|---|
| doublebreasting and cash payroll, specifically, that:<br><br>(1) Evidence that Servider instructed CW#1 to lie in connection with his testimony in a lawsuit related to the union doublebreasting scheme and cash payroll; and<br><br>(2) evidence that after the lawsuit settled, Servider discussed with Vertuccio, CW#1, and Contractor #1 re: concealing Crimson's income in order to evade the terms of the settlement of the union doublebreasting lawsuit. | (2) But, with respect to the evidence the government seeks to admit in subpoint (2), the motion is denied under Rule 403. It is confusing, and the probative value is marginal at best to the acts in the indictment. |

So Ordered.
Dated: Brooklyn, New York
      May 9, 2018

/s/ Hon. Eric N. Vitaliano
ERIC N. VITALIANO
United States District Judge